[Circuit Court of Columbiana County.]

THE STATE OF OHIO, EX REL JAMES A. MARTIN, v. J. FRANK
ADAMS, AS AUDITOR OF COLUMBIANA COUNTY, OHIO.

Decided, March, 1906.

*Construction of Section 546—Statute Wrongly Punctuated—Courts may
Disregard Mistake in Punctuation—Certificate of Medical Wit-
nesses—Fees for, under Seclion 705.*

1. Under Section 546 of the Revised Statutes, probate judges are en-
titled to receive six cents for each one hundred words of orders
entered on the journal.
2. Under the same section they are not entitled to thirty-five cents for
each certificate under the seal of the court to the copies of the
certificate of the medical witness and of his findings in the case
as required by Section 705.

COOK, J.; LAUBIE, J., concurs; BURROWS, J., dissents from
first paragraph of syllabus.

Error to Columbiana Common Pleas Court.

Plaintiff in error is the probate judge of this county and he
brought a suit in mandamus to compel the auditor to allow
two claims for fees which the inspector had instructed the
auditor to reject and in accordance with which instruction the
auditor did reject.

The common pleas court sustained a demurrer to the petition.

The first claim was for entering orders upon his journal in in-
quests of insanity.

Section 546 of the Revised Statutes provides for the fees of
probate judges in counties having twenty-two thousand five
hundred inhabitants or more, and for services of this character
the language is: "Entering order on journal, six cents; each one
hundred words," etc.

The claim of plaintiff is that he is entitled to six cents for each
one hundred words contained in the order entered upon the
journal, while the claim of defendant in error is that he is only
entitled to six cents for entering the entire order independent of

its length.  We are of the opinion that the plaintiff is right in his contention.

Defendant relies principally upon the punctuation of the statute to support his claim.  It will be observed that the services performed are first mentioned, then the fee he is entitled to receive.  For instance: ''Issuing a subpoena where there is but one witness named, eight cents, and for each additional name, three cents; entering attendance of each witness, five cents; indexing each cause, eight cents; entering judgment on journal, eight cents; recording general verdict, eight cents; entering order on journal, six cents; each one hundred words, for transcribing judgment or order on the docket, eight cents.''  Clearly the semi-colon is in the wrong place; likewise the comma.  The semi-colon should have been placed after ''each one hundred words'' and the comma after ''six cents.''

It is true the same punctuation has been carried through the various revisions of the statutes for many years.  That is unimportant, as it could easily arise from a clerical error.  That the punctuation is wrong in this section is made clear when we turn to Section 1260, providing for the fees of clerks of court, which are of the same character: ''For entering an order, verdict, rule or judgment on the journal, eight cents for each one hundred words.''

''Punctuating ought never to vary the true sense or the general object, and the courts can disregard or repudiate it.''

The other claim which was rejected by the auditor was for fees for certificates attached to copies of his findings, and also attached to the certificate of the medical witnesses.

Section 546, to which we have referred, provides that he shall receive for ''each certificate, to which the seal of the court is required, and not herein provided for, thirty-five cents.''  It further provides: ''Making out copies of records of any proceedings in a cause, when required by either party or the law, with seal annexed, eight cents for each one hundred words.''

Section 705 provides:

''The probate judge, upon receiving the certificate of the medical witness, made out according to the provisions of the

preceding section, shall forthwith apply to the superintendent of the asylum for the insane, situated in the district in which such patient resides; he shall, at the same time, transmit copies under his official seal of the certificate of the medcal witness, and of his findings in the case; upon receiving the application and certificate, the superintendent shall immediately advise the probate judge whether the patient can be received, and if so, at what time.''

Section 714 provides:

''In all cases of inquests held under the provisions of this chapter, the probate judge shall file and preserve all papers left with him, and shall make such entries upon his docket as will, together with the papers so filed, preserve a perfect record of each case tried by him.''

From these provisions it would seem that the certificate of the medical witness and his findings are part of the record in the proceeding and, as payment is provided for the same under Section 546 at eight cents for each one hundred words, he is not entitled to be paid for the certificates in addition to the eight cents for each one hundred words.

Judgment of common pleas court is reversed and cause remanded for further proceedings.

*Billingsley, Clark & DeFord,* for plaintiff in error.

*.C. S. Speaker,* for defendant in error.