## PROSECUTIONS FOR SELLING LIQUOR ON SUNDAY.

### Probate Court of Clark County.

### STATE OF OHIO v. JOHN E. LYNCH.

#### Decided, 1908.

*Criminal Law—Selling Intoxicating Liquor on Sunday—Prosecutions for First Offense and for Second Offense—Plea in Bar on Ground of being Twice Placed in Jeopardy for the Same Offense—Section 4364-20.*

A plea of guilty of selling intoxicating liquor on Sunday in an action which was prosecuted as a first offense, but might have been prosecuted as a second offense, is a bar to a subsequent prosecution of the same defendant in another court for the same sale charged as a second offense.

*Lawrence Laybourn* and *John M. Cole,* for the State.

*W. Y. Mahar, Edward Lynch* and *H. W. Stafford,* for the defendant.

GEIGER, J.

An affidavit and information was filed in this court charging that John E. Lynch, on Sunday, the 24th day of March, 1907, sold intoxicating liquor to one Lee Holland, and such other al-

legations are made as show said sale to be a second offense of said Lynch. To this information in this court, the defendant, Lynch, pleads in bar that in the police court of the city of Springfield, on the 26th day of March, 1907, he pleaded guilty to the offense of selling liquor to Lee Holland, and was fined therefor the sum of $25.

To this plea in bar the state demurs, claiming that the same does not state facts sufficient to constitute a bar to the prosecution.

The section of statutes under which the offense is charged is 4364, subdivision 20, which provides in substance that the sale of intoxicating liquors on Sunday is unlawful, and that whoever makes any such sale shall be fined not exceeding $100 for the first offense, and for each subsequent offense not more than $200, or be imprisoned in the county jail or city prison not less than ten days, or both.

The defendant, by his plea in bar, seeks the protection of Section 10, Article I of the Constitution of Ohio, which provides that no person shall be twice put in jeopardy for the same offense. It is clear that, if the selling to Lee Holland alleged as a second offense in the probate court, is the same offense as the selling to Lee Holland which was alleged in the police court, then the plea in bar of the defendant would be good.

It is conceded that the act referred to in the probate court and the act, referred to in the police court are identical, viz., the selling of liquor to Lee Holland on Sunday, March 24th, 1907; but it is claimed by the prosecutor that the word "offense" used in the Constitution does not mean the act or thing done, but the violation of a statute committed by the doing of that act or thing; that is, the "offense" is not the act, but the violation of the statute.

The claim is thus made that the selling of liquor a second time by John E. Lynch is not the same offense as selling the liquor the first time. It is clear that the affidavit in the police court not having charged a prior sale of liquor must conclusively be construed to be only a first offense, whereas the sale charged in the probate court is clearly stated to be a second offense.

The rule is that, if in fact the same identical act had been charged successively in two valid indictments, upon one of which the prisoner has been in jeopardy by trial, and the evidence necessary to support the second indictment would have been sufficient to prove a legal conviction on the first, the plea of former jeopardy will be sustained to the last indictment, and otherwise not; but the former conviction must be upon a prosecution for the same identical act or crime. The constitutional provision extends the common law maxim, which was limited to felonies, to all grades of offenses; and it is but the application of the maxim that no one shall be twice vexed for one and the same cause.

The prosecutor claims that the evidence necessary to convict the defendant in the probate court of the offense of second selling would not convict the defendant of the offense of first selling in the police court; that the offense of first selling is a separate and distinct offense from that second selling; that the conviction for a first sale would not protect the defendant from a conviction for the same act, if that act is proved to be a second sale; that, to constitute the offense charged in the probate court there must be the sale alleged to have been made on March 24th, and in addition thereto another sale and conviction at a prior time; that if the defendant had been charged in the police court with the offense of selling liquor on the 24th of March, and that sale had not been charged as a second offense, and the defendant had then shown that it was not, as a matter of fact, his first sale, but a subsequent sale, the defendant must then have been acquitted. A necessary consequence to this position is that any person tried for an offense in police court, or in any other court, is not secure from further prosecution for the same act, if that act constituted a second offense, and he had been charged only with having committed a single offense, where a second offense carries with it a higher degree of punishment than a first offense.

If, as the prosecutor claims, the offense of second selling is made up of two distinct elements, one of a prior sale, and one of a subsequent sale, and that such two sales constitute a dis-

tinct offense, then it must follow that having been once convicted of a second offense, no subsequent offense can be joined with the same first offense. In other words, that for a second offense a person could be punished by imprisonment when that second offense has been joined with his first offense; but that, for a third offense he could not be punished by imprisonment, for the reason that he has already been punished for an offense made up of the two prior offenses, and neither of those offenses can be again used to make up a subsequent offense.

The court is of the opinion that the defendant can not be put twice in jeopardy for the same identical act of selling contrary to law, upon the claim that one charge is for first sale and one is for second sale, and that the two offenses are different in the contemplation of the law, because the punishment for the offenses is different. The offense of selling is the same, and the law simply allows a higher degree of punishment where it is pleaded and shown by the evidence that the sale is a second sale, and the law allowing such increased punishment is analogous to the habitual criminal acts.

The demurrer of the State to the plea in bar will be overruled, and the prosecutor given leave to file a reply to the plea in bar.