## COLLISTER v KOVANDA et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14024.  Decided Jan 19, 1935

Farquharson, Curtiss, Gillie & Miller, Cleveland, for appellant.

Ezra Z. Shapiro, Director of Law, Cleveland, Alfred Laurence, Assistant Director of Law, Cleveland, Frank T. Cullitan, Prosecuting Attorney, Cleveland, and Gerald W. Miller, Assistant Prosecuting Attorney, Cleveland, for appellee.

SHERICK, PJ, LEMERT and MONTGOMERY, JJ, (5th Dist) sitting by designation.

**OPINION**

By SHERICK, PJ.

We shall proceed to a consideration of the question presented, which is: Whether or not special assessments subsequently assessed and levied against a property have priority over a pre-existing mortgage lien thereon duly executed and recorded and which it is claimed ante-dates the statute creating the assessments lien.

We are cited to several authorities bearing upon that phase of the case which pertains to the claim of insufficiency of notice to the mortgagee. This shall receive but brief consideration, for it is provided by statute, §3818, GC, that the "owner" of the property to be assessed shall be notified. It is not prescribed that the owner of any lesser interests therein shall be notified; and it has been held in **Davis v Cincinnati, 36 Oh St 24**, that "the owner referred to * * * must, as a general rule, be one having a freehold estate in the premises assessed. * * * Any other construction would lead to absurd consequences." We might here remark that the only suggested exception to the general rule arises in the case of an existing life estate. See further: **Village of Put-in-Bay v Stimmel, 18 O.C.C. 644**, and **Forester Plaster Co. v City of Cleveland, 12 O.C.C. (N.S.) 123**. Upon these authorities and the reason thereof it must be determined that the mortgagee bank was not entitled to notice as an owner, for the statute contemplates only notice upon the legal owner of the fee. This is in entire accord with authorities of sister states construing statutes similarly worded. It is however conceded by the appellant and so considered by this court that the question of notice is not the crux of this action and it is not the determining factor in the issue presented.

The appellant, as a premise to his rather ingenious argument, makes the point that special assessments are not, or are unlike, general taxes, and hence the former are not governed by the rules applicable to the lat-

ter. It is held in **Lima v Cemetery Association, 42 Oh St 128**, that:

"In a general sense, a tax is an assessment, and an assessment is a tax; but there is a well recognized distinction between them, an assessment being confined to local impositions upon property of the cost of public improvements in its immediate vicinity, and levied with reference to special benefits to the property assessed."

This case is approved of in **Jackson v Board of Education, 115 Oh St 368**. It is thereby settled in this state that in a general sense general taxes and assessments are synonymous, for both are levied by virtue of the sovereign power of the state for the public good. The fact that that power, in the present instance, is exercised by a sub-division of the state, as a delegated power—§3812 GC—can make no appreciable difference in the source of that power or the governmental purpose inherent in its creation and the ends intended to be accomplished by its exercise. For although a special improvement is local in its cost, it is not local in its usage; for the entire public is benefited thereby. The fact that the cost of the improvement is borne locally does not destroy its taxable feature and make it something other than a tax, for it is levied and collected under the taxing power. These observations are made with the thought in mind that the power of taxation is indispensable to and a primary adjunct of government which it can not barter away or abrogate by a statute creating preference and priority over the inalienable right of the state to tax for public good; and this is true irrespective of whether the tax be general or special in character. And since everyone holds his property subject to the government's right to tax for its maintenance and the public weal, it must follow that one must anticipate that taxes will be levied against the res.

But we are further admonished that the constitutional guarantee protecting a vested interest created by contract is being impaired. This claim is deserving of the closest scrutiny. Having in mind the question before us in the light of the claims made, we have made diligent search and find that our Supreme Court has but once considered this precise question and therein refrained from deciding it. **10 Oh St 159.** We, therefore, are at liberty to exercise

unfettered judgment in determining the query.

It is generally conceded to be the law that a vested lien's priority, under the constitutional guaranties against impairment of contract and of due process of law, can not be made subservient to a special assessment thereafter' levied unless the law delegating the right to municipal corporations to levy special assessments clearly states or generally indicates that the right to do so is granted thereby. If this state had no such statutes, then without doubt the appellant's mortgage would have priority.

Hamilton in his work on the Law of Special Assessments, page 699, §708, clearly and concisely states what we would now adopt:

"A lien for public taxes and assessments is upon the property, and is paramount to all liens acquired by personal contract, when so provided by statute. There is no distinction in this respect between taxes for street improvements and general taxes. Both are levied under the sovereign power of the state, and both are levied under the theory that they are for the general good and the same powers for enforcing their collection are generally given. Such lien is superior to all other liens prior or otherwise. Although the lien of a prior recorded mortgage is superior to that of a special assessment, it is within the power of the legislature to change the rule and make the mortgage secondary to that of the assessment."

Many authorities are here listed to which attention is directed. We also find a similar statement and compilation of cases in Page and Jones "Taxation by Assessment," Volume 2, §1068, page 1770. See also notes appearing in 30 L.R.A. (N.S.) 762 and 19 R.C.L. page 412. §192, Mortgages.

Now has Ohio so provided by statute? In 1869, it was enacted, 66 O.L. 240, now §§3897 and 3898, GC, that:

"Special assessments shall be payable by the owner of the property assessed personally, by the time stipulated in the ordinance providing therefor, and shall be a lien from the date of the assessment upon the respective lots or parcels of land assessed. * * *"

"If payment is not made by the time stipulated, the amount assessed, together with interest, and a penalty of five percent thereon, may be recovered by suit before a justice of the peace, or other court of competent jurisdiction, in the name of the corporation, against the owner or owners, but the owner shall not be liable, under any circumstances, beyond his interest in the property assessed, at the time of the passage of the ordinance or resolution to improve."

These sections are found under the title of assessments; and inasmuch as they provide for a lien and the collection thereof in the name of the corporation, the sections are remedial in the character and should have a liberal construction.

In the case of **Moerlein Brewing Company v Westmeier et, 4 O.C.C. 296**, is to be found a holding, that R. S. §2265, now §3897 GC is authority for the proposition that an assessment is a lien upon assessed premises prior to a mortgage recorded before the assessment proceedings were made. This finding is of course sustainable upon the theory that a lien was created by statute and if not clearly stated it was the general intent and purpose of the act to create such a lien; and a tax lien being paramount, it was sufficient without employment of the words first or prior. Considerable respectable authority may be found sustaining this statutory interpretation. This same view is entertained but not applied in **City of Toledo v Barnes, 8 O.C.C. 684, (687)**. The case of **Clifton v City of Cincinnati, 5 O.D. Rep. 570**, presents a like conclusion; and we find in 3 Bull. 512, that a motion to certify this case to the Supreme Court was denied. The case of **Donahue, Rec. v Brotherton, 7 O.N.P. 367** is also of interest.

Appellant says that the words "but the owner shall not be liable under any circumstances beyond his interest in the property assessed at the time," as they appear in §3898 GC, have a special significance. In his conception the city had no lien other than upon Kovanda's equity of redemption in the property. He would have this court write into the statute that it had a lien against the property 'subject to whatever valid and bona fide incumbrance may then be against it.' If this were its true meaning then any owner might defeat a contemplated improvement, badly needed by the general public, by simply mortgaging his property to the amount of its worth. This was not the intent of the legislature. Its true purpose was to restrict assessment liability to the property itself and to change the then law which held the owner of prop-

erty personally liable for improvement assessments.

In 1917 the legislature, out of a superabundance of caution and desire to effect a further remedy for collection of delinquent taxes and assessments levied against land, enacted §§5713 and 5719 GC (107 O. L. 735). These sections are also remedial and deserve like liberal interpretation. They provide in part:

"The state shall have a first and best lien on the premises described in said certification, for the amount of taxes, assessments and penalty, together with interest thereon at the rate of eight per cent per annum, from the date of delinquency to the date or (of) redemption thereon, and the additional charge of twenty-five cents for the making of said certification, and sixty cents for advertising."

"Judgment shall be rendered for such taxes and assessments, or any part thereof, as are found due and unpaid, and for penalty, interest and costs, for the payment of which, the court shall order such premises to be sold without appraisement. From the proceeds of the sale the costs shall be first paid, next the judgment for taxes, assessments, penalties and interest, and the balance shall be distributed according to law. * * *"

But it is urged that if these sections make the lien a first and best lien, they are retroactive in effect; and if it was so intended they deny him his constitutional guaranties. It may be said that before a law giving a tax or assessment lien priority over a vested lien existing when the law is enacted there must be an indication of intention to make the law retroactive for there is a presumption to the contrary. These two sections simply accentuate and clarify §§3897 and 3898 GC and the construction placed thereon by the courts, as well as creating an additional remedy to be enforced in the name of the county treasurer. They do not amend or repeal the two earlier sections. If it were not intended to make these later sections retroactive the legislature would have plainly said so. If it were not for a long and well settled understanding, engendered by reason of enactment and retention of §§3897 and 3898 GC, it might be forcibly argued that they, §§5713 and 5719 GC, contemplate no retroactive effect.

The author of the note appearing in 30 L.R.A. (N.S.) 762, makes this statement:

"It is within the power of the legislature not only to make the lien of a special assessment prior to mortgages given after the passage of a statute giving such liens superiority over prior mortgages but even to give such liens priority over mortgages given before the passage of such statute."

Murphy v Beard, 138 Ind. 560; 38 NE 33, has this to say:

"The ownership in fee of the real estate (or the mortgage lien) affected by such uses, while a vested right, is not more sacred than the right of the public to appropriate such real estate to such use. When ownership is acquired it is necessarily with the implied understanding that it is subject to this paramount right of the public."

And it was therein held that the mortgagee was not entitled to notice, and that the assessment did not deprive the mortgagee of a vested right. Baldwin v Moroney, 173 Ind. 574; 91 NE 3; 30 L.R.A. (N.S.) 761; and German Sav. and Loan Society v Ramish, 138 Cal. 120; 69 Pac. 89, 70 Pac. 1067, also discuss the retroactive effect of such legislation, and concludes that assessments are for the general good and stand upon the same plane as general taxes.

It is held in Wabash Eastern R. Co. v East Lake Fork Special Drainage District, Ill., 10 L.R.A. 285, that special assessments are an exercise of the taxing power and that the liens thus created are not upon any specific interests in the land but upon the land itself, that is, upon the res. It is therein reasoned:

"It is urged that the Drainage Law, so far as it attempts to give a lien for assessments superior to the liens of existing incumbrances, is unconstitutional, because it violates the obligation of contract, or divests vested rights. This clearly can not be so. Every property owner holds his property subject to the exercise of the taxing power, and it is immaterial, so far as this question is concerned, what may be the nature of his interest, whether the fee, on estate in expectancy, an estate for years or a mere lien. This is true as every one must admit, in relation to general taxes, where the only return to the taxpayer is the protection and security which the government gives him and fortiori should it be true in case of special assessments where, in theory at least, he receives an adequate and complete return for the money assessed, in the enhanced value of the estate or

property which he owns, or to which his lien attaches."

It is said in Provident Inst. for Savings v Jersey City, 113 U. S. 506, 28 h. ed. 1102, that the Federal Constitution nowhere therein prescribes that states may not pass retroactive laws; and we do not conclude that §28 **of Article II of the State Constitution** has in the instant case been violated by §§5713 **and 5719 GC** but rather that the assessment lien is senior to the mortgage lien by virtue of §§3897 **and 3898 GC** and the construction thereon placed by the courts.

Decree accordingly.

MONTGOMERY, J, concurs.
LEMERT, J, dissents.