**WELSH v CINCINNATI (city) et**

**FICHTLE et v CINCINNATI (city) et**

Ohio Appeals, 1st Dist, Hamilton Co.

Nos. 5743 & 5744. Decided Mar. 11, 1940.

⸱ William R. Collins, Cincinnati, and Raymond W. Huwe, Cincinnati, for appellees.

John D. Ellis, Cincinnati, and Nathan Solinger, Cincinnati, for appellant.

## OPINION

By MATTHEWS, J.

These are actions under favor of §12075 GC, to enjoin the collection of assessment made by the City of Cincinnati upon the real estate in a described district, to pay the cost of construction of a trunk sewer.

The plaintiffs allege that this trunk sewer was never intended by the city to, and did not in fact, benefit the plaintiff's property.

The evidence shows that all the procedural acts required by law were performed for the levying of the assessment. It is true that some of the plaintiffs could not remember receiving notice of the passage of the resolution of necessity, nevertheless, it is clear that such notice was served.

It is undenied that notice was published of the filing of the report of the estimating board and that none of the plaintiffs made or filed any objection to it at any time.

The evidence shows that none of the plaintiffs' property abuts upon this trunk sewer. It would be accessible to them only in the event collateral sewers were constructed leading from their property to the trunk sewer. This could be done in streets now existing, without the necessity of condemning any right of way across private property.

The plaintiffs testified that the existence of this trunk sewer conferred no benefit upon their property—that its value was the same after as before the construction of said sewer.

A witness for the city testified that in his opinion the availability of an outlet afforded by this trunk sewer enhanced the value of the plaintiffs' property, and stated the amount of the enhancement of value of each piece of property. In all instances, according to his testimony, there was an increase in value, and in most instances, it equalled or exceeded the amount of the assessment.

On this evidence, the court made the following finding:

"Upon consideration whereof, the Court finds the equities in favor of the defendants, and further finds that said assessments levied under said Ordinance are proper and valid assessments, and the same are hereby sustained, provided, however, that the collection thereof is ordered deferred until such time as application is made to tap said sewer, or any sewer emptying into said sewer, at which time the plaintiffs, or their successors in title, shall be required to pay cash for each of said lots for which application is made, the full assessment thereon as sustained herein.

"The Court finds however, that there shall be no interest or penalties added to the assessments herein involved, from the date of this decree;"

and rendered judgment accordingly.

The City of Cincinnati, as appellant, contends that this judgment is erroneous in two respects:

(1) That the Court having found the equities in its favor, should have dismissed the petition at plaintiffs' cost, and had no power to postpone the collection of assessments found to be valid; and (2) that the statute determines the interest and penalties on assessments, and the court had no power to disregard the legislative will on the subject.

(1) The determination of the mode and manner of levying an assessment, including the time of payment, is confided to the legislative department of the government by the constitution. The judicial power is reposed in the courts, and as applied to assessments, it is limited to determining whether statutory and constitutional provisions have been observed by the governmental agencies. It is no part of the judicial function to consider the legislative policy and to substitute its view of policy for that of the legislature.

By §§3812 et seq GC, enacted under constitutional authority, the city council is given power to levy ▉▉▉▉ ▉ and collect special assessments, and to determine the method and the mode of payment. The constitution confers no power upon the courts to initiate an assessment or to accomplish the same result by revising a lawful assessment made by the city. This is fundemental.

We, therefore, hold that the court exceeded its power when it attempted to postpone the time of payment of the assessment as fixed by the city council.

(2) We also hold that the court erred in enjoining the collection of interest and penalties on these assessments.

(3) The appellants contend that this court should modify the trial court's judgment by eliminating the provision for postponement of the collection of the assessments and the provision enjoining the collection of interest and penalties, and affirm the judgment, and, as modified, the judgment would be a dismissal of the action at the cost of the plaintiffs. Does this follow? We are not satisfied that it does.

Notwithstanding the failure to file objections to the assessment, there still remained the judicial question of whether the constitutional provision against the taking of property without due process of law had been violated. If the plaintiffs' property has been or will be confiscated, it cannot be shielded against judicial intervention by cloaking it in the disguise of an assessment to recapture special benefits conferred by a public improvement. **Baxter v Van Houten, 115 Oh St 288, 153 N E 266; City of Cuyahoga Falls v Beck, 110 Oh St 82; Morton v Cincinnati, 55 Oh Ap 474.**

Therefore, if the plaintiffs' testimony that no benefits accrued to their property is believed, the court should intervene by injunction to prevent the spoliation. On the other hand. if the defendants' witness is believed, a benefit did accrue, and the plaintiffs would be entitled to no relief.

The issue raised by this action is, whether any benefit resulted to the plaintiffs' property, or that of any one of them, by the construction of this trunk sewer, which would furnish an outlet for sanitary and surface water from their property when and if collateral sewers connecting their properties were constructed. That benefit, if any, would be the enhanced market value, if any, of the. properties immediately after the completion of this trunk sewer.

A reading of. this judgment leads us to the conclusion that this issue was not determined by the court, and that the judgment should be reversed, and the cause remanded for a new trial to determine such issue, and for judgment in accordance with such determination, enjoining the assessment or dismissing the petition.

Accordingly, the judgments are reversed and the causes remanded for new trials in accordance with this opinion.

HAMILTON, PJ. & ROSS, J., concur.