Miller, Appellee *v.* Thorndyke et al., Appellants.

(No. 11433—Decided December 6, 1971.)

*Messrs. Weinberger, Grad & Wolf,* for appellee.

*Mr. Thomas C. Foster,* for appellant Gordon Thorndyke.

*Mr. Simon L. Leis, Jr.,* and *Mr. William W. Mire,* for appellants Fred J. Morr, county auditor, and Robert E. Jacobs, treasurer.

*Mr. Albert W. Schirmer,* for appellant Russell D. Osborne.

*Mr. William A. McClain, Mr. J. P. Scahill* and *Mr. W. Andrew Patton,* for appellant city of Cincinnati.

*Mr. Robert F. Alsfelder,* for appellant Lockwood G. Doench, Inc.

Hess, P. J. This cause came on for hearing upon an appeal on questions of law, the transcript of the original papers from the Court of Common Pleas of Hamilton County, Ohio, the transcript of the evidence, assignments of error, and the briefs and arguments of counsel.

The record discloses that on March 19, 1963, Fred Miller brought suit against Gordon Thorndyke, and attached certain real estate purported to belong to Gordon Thorndyke. The plaintiff alleged that he had a contract with Thorndyke to purchase that real estate and that Thorndyke's representations under the agreement were fraudulent. The plaintiff's second amended petition was filed on June 13, 1966.

The city of Cincinnati, herein referred to as city, adopted ordinance No. 314-1969 on September 4, 1969, levying an assessment against the attached real estate for demolition costs. The city failed to certify the assessment to the county auditor.

On April 20, 1970, plaintiff was awarded a judgment for damages against Thorndyke. On April 29, 1970, the trial court ordered the attached real estate to be sold at a sheriff's sale and the proceeds used to satisfy the judgment.

On June 10, 1970, the city adopted a new ordinance, No. 169-1970, again levying the demolition assessment against the attached real estate. On June 18, 1970, the real estate was sold by the sheriff to Lockwood G. Doench, Inc., herein referred to as Doench.

On June 26, 1970, plaintiff filed a motion to join new parties defendant, to marshal and determine priority of liens, and for an order of distribution of the proceeds of the sheriff's sale. Plaintiff filed another motion on July 21, 1970, to add a new party defendant. Pursuant to this motion, the city was joined as a defendant. The city filed its answer on August 11, 1970, setting forth the assessment levied by ordinance No. 314-1969. A hearing on the motion filed June 26 was begun on September 3, 1970, and on September 4, 1970, Doench, purchaser of the real estate at the sheriff's sale, was added as a party defendant. On the same day, Doench filed an answer requesting injunctive relief to prevent the collection of the demolition assessment by the city or county. On September 8, 1970, the city filed its amended answer setting forth the demolition assessment of the new ordinance, No. 169-1970.

On September 24, 1970, the trial court's entry of

findings and its order stemming from the hearing begun on September 3, 1970, was filed. That entry determined priorities concerning the proceeds of the sheriff's sale and permanently enjoined the city and Hamilton County from collecting the demolition assessment from Doench. The trial court further found that the city had no valid lien on the real estate at the time of the sheriff's sale under either of the ordinances. It is from these findings and order that the city appeals.

The court will consider the assignments of error in the order of their number.

The first assignment of error is expressed in three parts designated as A, B and C.

In alleged error 1 (A), the city claims that the injunction that was granted following the hearing on September 3, 1970 was granted in a manner "violative of the due process requirements of the United States and Ohio Constitutions" in that the city was without notice that an injunction would be considered. This contention is without merit because there was another hearing on September 24, 1970, at which the city was represented by counsel. An entry was not docketed until after the hearing on September 24, 1970.

In assignment of error 1 (B), the city contends that R. C. 2727.06, and Rule 65, Ohio Rules of Civil Procedure, after its effective date, were not followed in relation to the giving of notice to the city that an injunction would be considered on September 3, 1970.

The record discloses there was before the court no request or prayer for an injunction on September 3, 1970. It was not until September 4, 1970, that Doench was made a party to this action and in its answer Doench prayed for an order "restraining the city and other parties from assessing and/or collecting the cost and expense of the demolition of the building," which is the subject of this action.

For the reasons given, it follows that assignment of error 1 (B) has no merit.

In assignment of error 1 (C), the city contends that

the answer of Doench was not properly before the court because that answer was not served on the city, nor was there proof of service attached to the answer, and that in the absence of proof of service the answer of Doench could not be considered by the court.

This Court is bound by the record which presents the fact that on September 8, 1970, the city filed its amended answer. There is no reference in that answer to the answer filed by Doench. The record shows there was no further action in this case until September 24, 1970, when the city and Doench were present through counsel, and after the hearing the injunction was granted.

Although Doench was not a party when the court had a hearing in this matter on September 3, 1970, the entry of the court recorded September 24, 1970, finds that the city and Doench were present and represented by counsel on September 3, 1970.

We find from the record that although the city did not receive notice of the answer and request for an injunction filed by Doench on September 4, 1970, after it had been made a party, the city entered its appearance on the Doench answer when it appeared by counsel and participated in the hearing on September 24, 1970. Having participated in the hearing of the issue presented by Doench, the city cannot later be heard to claim it was without notice of the answer filed by Doench. It follows that assignment of error 1 (C) is not well taken.

In the second assignment, the city claims the trial court erred in finding that the purchaser of land at a sheriff's sale without notice of a demolition lien which had not been caused to appear on the tax duplicate takes the property free of the demolition assessment.

The city bases its contention on R. C. 715.261 which provides, in pertinent part, as follows:

"The total cost * * * of removing insecure, unsafe or structurally defective buildings * * * shall be certified by the clerk of the legislative authority of the municipal corporation to the county auditor and by him placed upon the tax duplicate. Such costs are a lien upon such lands

from and after the date of entry and shall be collected as other taxes * * *.''

The city contends that R. C. 715.261 merely provides a means or method of collecting the costs of demolition as opposed to a notice to purchasers of the land. It further contends that the demolition lien should be considered to be an exclusive legislative exericise, and any judicial action which purports to control it is an infringment on the legislative function, and cites *Welsh* v. *City of Cincinnati*, (1940), 64 Ohio App. 200 as authority for its contention.

We do not consider *Welsh* to be applicable to the instant case because that case did not consider whether the assessment was valid. It considered only whether a court could postpone the payment of a valid assessment.

The city contends that a demolition lien is synonomous with a general tax lien and should run with the land. It cites *Cleveland Housing Auth.* v. *Lincoln Property* (1970), 22 Ohio App. 2d 157 as authority for its contention. In that case, the court held that a demolition lien which was entered upon the tax duplicate took precedence over a first mortgage as did other taxes.

In *Cleveland Housing Auth., supra,* the court was concerned with priority of valid liens and did not answer the instant question concerning an unperfected demolition lien on land sold to a buyer without notice of the lien.

R. C. 715.261 provides that demolition liens become effective when they are entered on the tax duplicate. In the instant case, the demolition lien was not entered on the tax duplicate until after the sheriff's sale.

For the reason given, the second assignment of error is not well taken.

The third assignment of error by the city attacks the trial court's finding that there was no valid demolition lien as of the date of the sheriff's sale, and again cites *Cleveland Housing Auth., supra,* in support of its contention. In that case, the court was called upon to construe the priority of perfected liens and it held that a demolition lien, once perfected, takes priority over a first mortgage, the same as other taxes. The *Cleveland Housing* case is

readily distinguished from the instant case in that no lien had been perfected by the city.

It would appear from R. C. 715.261 that it is mandatory that the clerk of the legislative authority file or enter with the county auditor a certification of the lien as a condition precedent to the perfecting of an alleged lien.

The record discloses that the property in question was sold at a sheriff's sale on June 18, 1970, and the certification was not filed or entered with the county auditor until August 5, 1970. It is, therefore, apparent that the county auditor had nothing before him to enter upon the tax duplicate until after the sale by the sheriff on June 18, 1970.

The Court takes judicial notice of the fact that ordinance No. 169-1970 did not become effective until July 10, 1970.

We must conclude that at the time of the sheriff's sale, city ordinance No. 169-1970 was not in effect; that there was no certification filed or entered with the county auditor by proper city authority; and that there could be no listing on the tax duplicate by the county auditor without certification.

For the reasons given, the purchaser of the property in question at the sheriff's sale bought it free of the alleged lien of the city. It follows that the third assignment of error is without merit.

Therefore, it is ordered by the Court that the judgment of the Court of Common Pleas of Hamilton County be, and the same hereby is, affirmed.

*Judgment affirmed.*

Young and Shannon, JJ., concur.