**CITY OF DAYTON, Appellee,**

v.

**CASLIN, Appellant, et al.**

[Cite as *Dayton v. Caslin* (1990), 68 Ohio App.3d 312.]

Court of Appeals of Ohio,
Montgomery County.

No. CA 11947.

Decided June 28, 1990.

*Richard G. Knostman,* for appellee.

*Rudolph A. D'Amico,* for appellant.

WOLFF, Presiding Judge.

James C. Caslin appeals a judgment rendered against him by the Dayton Municipal Court in favor of the city of Dayton. The judgment was for

$5,117.02 together with interest from September 11, 1987, the date the complaint was filed.

Caslin advances six assignments of error, four of which are based on the same argument and are discussed together:

## Assignment of Error No. One

"The court erred in setting the matter for trial and proceeding thereon without making a finding and decision on defendant-appellant's motion for summary judgment."

## Assignment of Error No. Two

"The court erred in dismissing the counterclaim of defendant-appellant, which prays for a declaratory judgment, without making a finding and decision."

## Assignment of Error No. Three

"The court erred in rendering a judgment against defendant-appellant."

## Assignment of Error No. Five

"The court erred in overruling defendant-appellant's motion to dismiss the complaint of plaintiff-appellee."

The city's complaint sought $9,987.96, representing the costs of demolishing two structures owned by Caslin in the city of Dayton at two separate locations. Caslin counterclaimed for a declaratory judgment that he was not liable to the city. Eventually, the Bankruptcy Court discharged $4,870.94 of the $9,987.96. The amount discharged represented the demolition cost at one of the two locations. Thereafter, Caslin moved for summary judgment, pointing out (1) that the city's failure to amend its complaint caused it to violate the bankruptcy laws, (2) that the city had certified these costs to the county auditor for collection as real estate taxes and that they were subsequently abated, and (3) that R.C. 5721.192 provides for a deficiency judgment procedure in the context of real estate foreclosure. The trial court overruled the motion for summary judgment. Thereafter, the case came on for trial. Neither Caslin nor his counsel attended. The trial court determined after several witnesses testified that the demolition cost for the remaining location was $5,117.02, and rendered judgment accordingly.

Caslin's first contention is that the city's failure to amend its complaint to reflect the reduced, undischarged claim of $5,117.02 rendered its initial complaint a nullity, thus entitling him to summary judgment. We do not agree. The bankruptcy judge specifically stated in his eight-page decision and order discharging the indebtedness as to one location, which was an exhibit to

Caslin's motion for summary judgment, that the indebtedness as to the other location was not discharged. The city's complaint contained a discrete statement as to each location, detailing the demolition cost as to each location. There was no need to amend the complaint to reflect this reduced claim.

Nor was the city required to counter the motion for summary judgment with an affidavit stating the indebtedness to be $5,117.02. Caslin's contentions in support of his motion for summary judgment were legal, not factual. The city was permitted to rest on its pleadings as to the amount owed, as reduced to a lesser amount by the action of the bankruptcy court.

Caslin next claims that because the city certified these demolition costs to the county auditor to be collected as real estate taxes, it could not pursue a personal judgment against him for the demolition costs. The operative statute is R.C. 715.261, which provides at subsection (B):

"A municipal corporation may collect the total cost of removing, repairing, or securing insecure, unsafe, structurally defective, abandoned, deserted, or open and vacant buildings or other structures, of making emergency corrections of hazardous conditions, or of abating any nuisance by *any* of the following methods:

"(1) The clerk of the legislative authority of the municipal corporation may certify the total costs, together with a proper description of the lands to the county auditor who shall place the costs upon the tax duplicate. The costs are a lien upon such lands from and after the date of entry. The costs shall be collected as other taxes and returned to the municipal corporation.

"(2) The municipal corporation may commence a civil action to recover the total costs from the owner." (Emphasis added.)

We do not read subsection (B) as making subsections (B)(1) and (B)(2) mutually exclusive remedies. Likewise, we find nothing in recently enacted R.C. 5721.192, providing a procedure for obtaining a deficiency judgment in a real estate foreclosure, that precludes the city's proceeding under R.C. 715.-261(B)(2).

Finally, Caslin cannot be heard to complain about the quality of the city's trial evidence. Neither he nor his counsel appeared at trial. We have examined the transcript and find no fault with the trial court in relying upon it.

The trial court did not err in overruling Caslin's motion for summary judgment, dismissing his counterclaim for a declaration that he was not liable to the city, overruling his motion to dismiss the complaint, and rendering judgment against him.

The first, second, third, and fifth assignments are overruled.

### Assignment of Error No. Four

"The court erred in rendering a judgment for interest from the date of the complaint."

■ The fact that R.C. 715.261 does not itself provide for interest does not persuade us that the trial court erred in awarding interest from the date of the complaint. The demolition costs had been incurred before the complaint was filed and were, for all intents and purposes, liquidated. The typical, liquidated claim bears interest from the date of complaint and the city's claim need be treated no differently.

The fourth assignment is overruled.

### Assignment of Error No. Six

"The court erred in failing to transfer the matter to the Court of Common Pleas of Montgomery County for consolidation in the foreclosure proceedings for real estate taxes and assessments."

In our judgment, the availability of R.C. 5721.192 did not preclude the city's action under R.C. 715.261(B)(2).

The sixth assignment is overruled.

The judgment will be affirmed.

*Judgment affirmed.*

WILSON and MCBRIDE, JJ., concur.

ROBERT L. MCBRIDE, J., retired, of the Second Appellate District, sitting by assignment.