OPINIONS OF THE SUPREME COURT OF OHIO
The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.
Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Justine Michael, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.
NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Pewitt, Appellant, v. Superintendent, Lorain Correctional Institution, et al., Appellees.

[Cite as Pewitt v. Lorain Correctional Inst. (1992), Ohio St.3d      .]

Mandamus to compel release from confinement -- Complaint in mandamus dismissed as moot when relator is released from confinement prior to hearing -- Event that causes a case to become moot may be proved by extrinsic evidence outside the record.

(No. 91-988 -- Submitted May 12, 1992 -- Decided September 2, 1992.)

Appeal from the Court of Appeals for Lorain County, No. 90CA004849.

On July 5, 1990, appellant, James W. Pewitt, filed a petition for a writ of habeas corpus in the Court of Appeals for Lorain County, seeking release from confinement at the Lorain Correctional Institution. He alleged that he had been convicted of three separate offenses and sentenced to a definite one-year term of imprisonment; that he had served jail time of eighty-eight, thirty-seven, and twenty-six days, respectively, for each offense; and that his sentence expired on July 2, 1990.[1]

On July 23, 1990, appellant filed a motion for summary judgment, arguing that Ohio Adm. Code 5120-2-03(C)[2] prevented him from being credited with the full one hundred fifty-one days he was entitled to under R.C. 2967.191 and was, therefore, inconsistent with the statute and unconstitutional.

On August, 14, 1990, appellees, Supterintendent, Lorain Correctional Institution, and Ohio Adult Parole Authority, filed a motion for summary judgment and submitted evidence that appellant did spend eighty-eight, thirty-seven, and twenty-six days in jail on the respective convictions, but actually spent only eighty-nine days in jail in total because of double and triple counting between and among the three convictions. Appellees argued that appellant has not challenged the jurisdiction of the sentencing court as required for the issuance of a writ of habeas corpus, and that, in any event, twenty-six days had been credited to his sentence, which was all that he was entitled to under Ohio Adm.Code 5120-2-03(C).

On March 22, 1991, the court of appeals issued a journal entry that stated in part:

"* * * the Court finds that the relator was released from the Marion Correctional Institution on December 11, 1990. Respondents [sic] motion to dismiss is well-taken."

"Relator's petition for a writ of habeas corpus is dismissed."

The cause is before the court upon an appeal as of right.

Paul Mancino, Jr., for appellant.

Per Curiam.  Appellant argues that there was no evidence of record on which the court of appeals could have dismissed the case as moot and that, even if it is now moot, the appeal may be heard "* * * where there remains a debatable constitutional question to resolve, or where the matter of appeal is one of great public or general interest."  (Franchise Developers, Inc. v. Cincinnati [1987], 30 Ohio St.3d 28, 505 N.E.2d 966, paragraph one of the syllabus.)  He claims both a statutory and constitutional right to the jail-time credit he seeks, and also claims that the matter is of great public or general interest.

In Miner v. Witt (1910), 82 Ohio St. 237, 92 N.E. 21, we held that an event that causes a case to become moot may be proved by extrinsic evidence outside the record.  Here, the fact that appellant was released from confinement did not appear in the record or in any other cited source.  However, appellant does not deny that the case is now moot because he has been released from custody.  Rather, he claims a great or general public interest in the restriction imposed by the last sentence of Ohio Adm.Code 5120-2-03(C).

"Habeas corpus lies only if the petitioner is entitled to immediate release upon the determination that the claim urged in the action is well founded."  Rollins v. Haskins (1964), 176 Ohio St. 394, 395, 27 O.O.2d 359, 360, 199 N.E.2d 868. Moreover, we find no great public or general interest in deciding appellant's claim that he be credited with one hundred fifty-one days jail time when he only served eighty-nine.

The judgment of the court of appeals is affirmed.

Judgment affirmed.

Moyer, C.J., Sweeney, Holmes, Douglas, Wright, H. Brown and Resnick, JJ., concur.

FOOTNOTES

1    R.C. 2967.191 provides:

"The adult parole authority shall reduce the minimum and maximum sentence or the definite sentence of a prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which he was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine his competence to stand trial or sanity, confinement in a community based correctional facility and program or district community based correctional facility and program, and confinement while awaiting transportation to the place where he is to serve his sentence."

2    Ohio Adm.Code 5120-2-03 states:

"When multiple definite sentences are imposed to run

concurrently, the prisoner shall be deemed to be serving the longest of the sentences so imposed.  If, however, the various sentences are subject to different amounts of reduction for jail-time credit and/or are subject to different rates of dimunition of time off for good behavior, the prisoner shall be released after serving the longest diminished sentence."