JOURNAL ENTRY AND OPINION
{¶ 1} Defendant, Clarence Hagwood, appeals his sentence, imposed following his guilty plea for violations of R.C.2913.03(B), unauthorized use of a motor vehicle, a fifth degree felony, and R.C. 2925.11, possession of drugs, also a fifth degree felony. The trial court sentenced defendant to ten months in prison for each crime and ordered the sentences to be served concurrently.
 {¶ 2} At the sentencing hearing, the court addressed defendant and noted that he was convicted in this case for, among other crimes, fleeing from the police. Defense counsel attempted to correct the court's misapprehension that defendant had fled when in fact it was his co-defendant who had fled. The court responded by instructing defense counsel "I'm asking, please stop interrupting me. All right?"[1]
 {¶ 3} The court then sentenced defendant specifically on only counts one and two, neither of which addressed fleeing. Although the trial court did not use the opportunity defense counsel provided to clarify at the sentencing hearing the exact conviction, the sentence the court imposed did not reflect its earlier mistake. Later, in its judgment entry, the court noted that "COUNT THREE [the fleeing count] DOES NOT APPLY TO THIS DEFENDANT." Journal entry September 26, 2003.
 {¶ 4} First, we observe that the court failed to give any finding as required by R.C. 2929.19(B)(2) concerning the necessity of sentencing defendant to prison for a fifth degree felony. The court cited only operative facts: defendant's prior prison sentence (which defense counsel explained occurred when he was sixteen), his disposal of an automobile, and his fleeing the police (which defense counsel clarified was not true). Never does the court make any generalized statement about these facts that could satisfy the statutory requirement of a finding as explained in State v. Edmonson (1999) 86 Ohio St.3d 324; and State v.Wilson, Cuyahoga App. No. 77561, 2004 Ohio App. LEXIS 3836 (ROCCO, K.A., dissenting). Nor can this court speculate what finding might cover such facts. The trial court erred, therefore, in imposing a prison sentence for a fifth degree felony without making the required finding and giving related reasons for that finding at the sentencing hearing.
 {¶ 5} However, defendant was released from prison on July 15, 2004, three days after oral argument in this case. Defendant was scheduled for release on September 30, 2003. The Department of Corrections website confirms that Hagwood was released from prison July 15, 2004 with no post-release control. Seehttp://www.drc.state.oh.us/search2.htm. "This Court may consider this fact since `an event that causes a case to become moot may be proved by extrinsic evidence outside the record.'"Miner v. Witt (1910), 82 Ohio St. 237, 239, 92 N.E. 21, 8 Ohio L.Rep. 71, quoting Mills v. Green (1895), 159 U.S. 651, 653,40 L.Ed. 293, 16 S.Ct. 132; see also Pewitt v. Lorain CorrectionalInst. (1992), 64 Ohio St.3d 470, 472, 1992 Ohio 91,597 N.E.2d 92; State v. McCall, Mahoning App. No. 03 MA 82, 2004-Ohio-4026 ¶ 7. Any appeal of that sentence is therefore moot. State v.Pompei (Oct. 25, 2001), Cuyahoga App. No. 79541 (although felony conviction is not moot even if sentence has been served, a sentencing question is moot). See, also, State v. Verdream,
Mahoning App. No. 02 CA 222, 2003-Ohio-7284; State v. Beamon,
Lake App. No. 2000-L-160, 2001-Ohio-8712; State v. Blivens
(Sept. 30, 1999), Lake App. No. 4647.
Case dismissed.
APPENDIX
Defendant's five assignments of error state:
I. THE TRIAL COURT ABUSED ITS DISCRETION BY REFUSING APPELLANT'S REQUEST FOR A PRESENTENCE INVESTIGATION AND REPORT BEFORE PROCEEDING TO SENTENCING ON TWO FIFTH DEGREE FELONIES, WHERE THERE WAS A DISPUTE AS TO APPELLANT'S CRIMINAL HISTORY, WHERE THE TRIAL COURT LABORED UNDER THE MISTAKEN BELIEF THAT APPELLANT WAS GUILTY OF AN OFFENSE ALLEGEDLY COMMITTED BY HIS CO-DEFENDANT, AND WHERE THE RECORD DID NOT CONTAIN SUFFICIENT INFORMATION TO ENGAGE IN THE ANALYSIS REQUIRED BY SENATE BILL 2.
II. THE TRIAL COURT FAILED TO ENGAGE IN THE ANALYSIS REQUIRED BY SENATE BILL 2 AND FAILED TO MAKE THE FINDINGS REQUIRED BY SENATE BILL 2 TO IMPOSE A TERM OF IMPRISONMENT FOR A FIFTH DEGREE FELONY.
III. THE TRIAL COURT FAILED TO ENGAGE IN THE ANALYSIS REQUIRED BY SENATE BILL 2 AND FAILED TO MAKE THE FINDINGS REQUIRED BY SENATE BILL 2 TO ENSURE THAT APPELLANT'S SENTENCE IS CONSISTENT WITH SENTENCES IMPOSED FOR SIMILAR CRIMES COMMITTED BY SIMILAR OFFENDERS.
IV. THE TRIAL COURT ABUSED ITS DISCRETION AND DEPRIVED APPELLANT OF HIS CONSTITUTIONALLY GUARANTEED RIGHT TO COUNSEL BY REPEATEDLY CUTTING OFF APPELLANT'S COUNSEL WHEN SHE TRIED TO SPEAK AT APPELLANT'S SENTENCING. CRIM.R. 32; SIXTH AMENDMENT, CONSTITUTION OF THE UNITED STATES; ARTICLE I, SECTION 10, CONSTITUTION OF THE STATE OF OHIO.
V. THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED
APPELLANT DUE PROCESS OF LAW WHEN IT IMPOSED SENTENCE BASED UPON: (i) INCORRECT INFORMATION ABOUT APPELLANT'S CRIMINAL HISTORY; (ii) A MISAPPREHENSION OF THE NATURE OF APPELLANT'S CONDUCT RELATED TO THE UNDERLYING OFFENSE; AND (iii) THE MISTAKEN BELIEF THAT APPELLANT WAS GUILTY OF AN OFFENSE COMMITTED BY HIS CO-DEFENDANT. FOURTEENTH AMENDMENT, CONSTITUTION OF THE UNITED STATES, ARTICLE I, SECTION 16, CONSTITUTION OF THE STATE OF OHIO.
It is ordered that appellee and appellant split the costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., and Gallagher, J., Concur.
[1] A review of the record shows that defense counsel's approach to the court was deferential and courteous. The court's accusation that trial counsel was continuously and rudely interrupting is not supported by the record.