ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Relator, Oscar Nicholson, requests that this court compel a magistrate of the division of domestic relations of the court of common pleas to dispose of all post-decree motions heard on June 2, 2005, inNicholson v. Nicholson, Cuyahoga County Court of Common Pleas Case No. DR-183572. Relator asserts that the issues before the magistrate were: relator's purported arrearage in child support; his ex-wife's demand for attorney's fees; and his demand for credit on child support because he had been providing for one of his children prior to that child's emancipation.
 {¶ 2} Respondent court has filed a motion to dismiss and has correctly observed that the complaint is defective. Relator has not opposed the motion.
"Moreover, the petition itself is defective because it is improperlycaptioned. R.C. 2731.04 requires that an application for a writ ofmandamus must be by petition, in the name of the state on the relation ofthe person applying. This failure to properly caption a mandamus actionis sufficient grounds for denying the writ and dismissing the petition.Maloney v. Court of Common Pleas of Allen County (1962), 173 Ohio St. 226,181 N.E.2d 270. [Relator] Morton also failed to support his complaintwith an affidavit specifying the details of the claim as required byLocal Rule 45(B)(1)(a). State ex rel. Wilson v. Calabrese (Jan. 18,1996), Cuyahoga App. No. 70077, unreported and State ex rel. Smith v.McMonagle (July 17, 1996), Cuyahoga App. No. 70899, unreported."
 State ex rel. Morton v. Pokorny (Mar. 1, 2001), Cuyahoga App. No. 79187, at 3. The complaint in this action does not purport to be on relation of relator. Instead, the caption reads "Oscar Nicholson Jr. v.Sheana W. Nicholson." Likewise, there is no affidavit specifying the details of the claim.
 {¶ 3} A review of the docket in Case No. DR-183572 also reflects the filing of the magistrate's decision with findings of fact and conclusions of law as well as a judgment entry to terminate withholding both received for filing on August 24, 2005.
A court may take judicial notice of mootness. "In fact, `an event thatcauses a case to be moot may be proved by extrinsic evidence outside therecord.' Pewitt v. Lorain Correctional Inst. (1992), 64 Ohio St.3d 470,472, 1992 Ohio 91, 597 N.E.2d 92, 94." State ex rel. Nelson v. Russo(2000), 89 Ohio St.3d 227, 228, 2000-Ohio-141, 729 N.E.2d 1181."
 State ex rel. Rivera v. Callahan, Cuyahoga App. No. 86085, 2005-Ohio-2182, at ¶ 3. The magistrate's decision addresses the issues of child support arrearage, relator's claim for a child support credit and attorney's fees. This action in mandamus is, therefore, moot.
 {¶ 4} Accordingly, respondent's motion to dismiss is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Complaint dismissed.
Sweeney, J., concurs.
Calabrese, Jr., J., concurs.