[Cite as *Infante v. Astrab*, 2011-Ohio-4264.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 96763

# STATE OF OHIO, EX REL. ENGRACIO INFANTE, JR.

RELATOR

vs.

# MICHAEL ASTRAB, JUDGE

RESPONDENT

## JUDGMENT:
## WRIT DENIED

Writ of Mandamus
Motion No.444719
Order No. 447107

**RELEASE DATE:** August 24, 2011

**FOR RELATOR**

Engracio Infante, Jr., pro se
Inmate No. 434-216
Lake Erie Correctional Institution
501 Thompson Road
Conneaut, Ohio   44030


**ATTORNEYS FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor
BY:    James E. Moss
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113


FRANK D. CELEBREZZE, JR., J.:

{¶ 1}  Relator, Engracio Infante, Jr., requests that this court issue a writ of mandamus compelling respondent judge[1] to rule on the motion to vacate void judgment and request for de novo sentencing hearing filed in *State v. Infante*, Cuyahoga County Court of Common Pleas Case No. CR-425246 on November 15, 2010.

---

[1] The original respondent was former judge Bridget McCafferty.  In a prior entry, we recognized that Judge Michael Astrab succeeded her in office and instructed the clerk to substitute Judge Michael Astrab as the respondent and to change the caption accordingly.   See Civ.R. 25(D).

{¶ 2} Respondent has filed a motion for summary judgment attached to which is a copy of a journal entry issued by respondent and received for filing by the clerk on May 11, 2011 in which respondent scheduled a hearing on Infante's motion for May 27, 2011. A review of the docket in Case No. CR-425246 reflects that, by entry received for filing by the clerk on June 30, 2011, respondent denied the motion to vacate void judgment in part, OSJ. See *Nicholson v. Nicholson*, Cuyahoga App. No. 86861, 2005-Ohio-5431 (taking judicial notice of the docket in the underlying case to determine mootness). Attached to the June 30, 2011 entry is a journal entry dated May 27, 2011 and filed on May 31, 2011. In that entry, respondent acknowledged the filing of the motion to vacate void judgment and request for de novo sentencing hearing. Respondent held that Infante was not entitled to de novo sentencing, but the court would impose postrelease control.

{¶ 3} Infante has not opposed respondent's motion for summary judgment pending before this court. Respondent argues that this action is moot. We agree.

{¶ 4} Additionally, Loc.App.R. 45(B)(1)(a) provides, in part: "All complaints must contain the specific statements of fact upon which the claim of illegality is based and must be supported by an affidavit from the plaintiff or relator specifying the details of the claim." Infante has not supported his complaint with the affidavit required by Loc.App.R. 45(B)(1)(a), which

provides a basis for dismissal. See *Jordan v. Cuyahoga Cty. Court of Common Pleas*, Cuyahoga App. No. 96013, 2011-Ohio-1813.

**{¶ 5}** "Relator also did not comply with R.C. 2969.25(C), which requires that an inmate file a certified statement from his prison cashier setting forth the balance in his private account for each of the preceding six months. This also is sufficient reason to deny the mandamus, deny indigency status, and assess costs against the relator. *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, 844 N.E.2d 842, and *State ex rel. Hunter v. Cuyahoga Cty. Court of Common Pleas*, 88 Ohio St.3d 176, 2000-Ohio-285, 724 N.E.2d 420." *Majid v. Sutula*, Cuyahoga App. No. 97019, 2011-Ohio-3993, ¶5.

**{¶ 6}** Accordingly, respondent's motion for summary judgment is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

*Writ denied.*

FRANK D. CELEBREZZE, JR., JUDGE

PATRICIA A. BLACKMON, P.J., and
MELODY J. STEWART, J., CONCUR