[Cite as *Cleveland v. Spears*, 2019-Ohio-3041.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF CLEVELAND,  :

    Plaintiff-Appellee,  :

                       No. 107841

    v.  :

GILDA F. SPEARS,  :

    Defendant-Appellant.  :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** July 25, 2019

---

Civil Appeal from the Cleveland Municipal Court
Housing Division
Case No. 2016 CVH 018280

---

### *Appearances:*

Douglass & Associates Co., L.P.A., Sean F. Berney,
David M. Douglass, Sandra A. Prebil, Michael E. Reardon,
and Daniel J. Wodarczyk, *for appellee.*

Gilda F. Spears, *pro se.*

SEAN C. GALLAGHER, P.J.:

{¶ 1} Gilda F. Spears appeals the judgment entered in favor of the city of Cleveland ("the City") for the costs associated with the demolition of an unsafe structure. For the following reasons, the appeal is dismissed.

{¶ 2} The City filed a claim against Spears, under R.C. 715.261(B)(2), to recover the total costs of abating a nuisance on the subject property, in this case the demolition of a condemned structure that occurred sometime in 2011. Spears owned the real property at the time of condemnation and demolition, but the property went through a tax-foreclosure proceeding, ultimately divesting Spears of her ownership interest in early 2014. After Spears was divested of her ownership interest, but before the City filed the underlying action, R.C. 715.261(B)(2) was amended to include language redefining against whom the action could be brought. By the time the City filed the underlying action, in December 2016, R.C. 715.261(B)(2) permitted the City to commence a civil action to recover the demolition costs from the "person that held title to the parcel at the time the costs were incurred."

{¶ 3} Under the previous version of the statute, in effect at the time of the tax foreclosure and the termination of Spears's ownership interest, the City was only authorized to file a civil action to recover the cost of the abatement against "the owner" of the property. *See, e.g., Miller v. Thorndyke*, 30 Ohio App.2d 71, 74, 283 N.E.2d 184 (1st Dist.1971) (owner purchasing property from foreclosure takes the property subject to the demolition lien only if the lien is perfected before the foreclosure sale); *Orrenmaa v. CTI Audio, Inc.*, 11th Dist. Ashtabula No. 2007-A-0088, 2008-Ohio-4299, ¶ 126 (purchaser was aware of "pending" demolition and was the owner at the time the costs were incurred, and the municipality filed the action to recover the costs under R.C. 715.261). The term

"owner" was not statutorily defined, and Cleveland has presented no authority providing a definition of "owner" to include the previous owner of the property. *See e.g., Dayton v. Caslin*, 68 Ohio App.3d 312, 315-316, 588 N.E.2d 250 (2d Dist.1990) (action to recoup abatement costs against the owner of the property permitted after certifying the demolition costs to the county auditor to be collected as real estate taxes). Arguably, the legislature's decision to amend the statute by omitting the term "owner" and substituting it with the phrase "person that held title to the parcel at the time the costs were incurred" demonstrates that the term "owner" did not include a previous owner.

{¶ 4} Although Spears alluded to the fact that R.C. 715.261 had been amended and the version referenced by the magistrate was not effective as to Spears, she did not present any specific argument regarding whether the amendment of division (B)(2) determining against whom the municipality may file the civil action, amending it from "owner" to "person that held title," impacted the City's claim against her. As a result, we simply note the change in the law but cannot address the impact of the amendment. App.R. 16(A)(7); *State v. Tate*, 140 Ohio St.3d 442, 2014-Ohio-3667, 19 N.E.3d 888, ¶ 21.

{¶ 5} Nevertheless, the case proceeded to trial before a magistrate. Spears claimed that the City was precluded from filing the civil action because the costs of the demolition had been placed as a charge on the tax list and duplicate as permitted under R.C. 715.261(B)(1). According to Spears, the City was required to intervene in the tax foreclosure case to recoup the costs or forever be barred from seeking

recovery under the doctrine of res judicata. The magistrate disagreed and found in favor of the City, which was not a named party in the tax foreclosure case. On the day the magistrate's decision was filed, the trial court adopted the decision as permitted under Civ.R. 53(D)(4)(e)(i). Spears filed objections, but well outside the 14-day period that would have extended the time in which to appeal the final decision. The trial court summarily denied the belated objections, and it was from that decision that Spears originally appealed. Spears did not perfect a timely appeal from the trial court's judgment adopting the magistrate's decision. *Downtown Properties v. Haddad*, 8th Dist. Cuyahoga No. 96023, 2011-Ohio-4117, ¶ 11 (untimely objections following the court's adoption of the magistrate's decision within the 14-day objection period are moot, and the only recourse is to file a motion for relief from judgment under Civ.R. 60(B)); *Olson v. Olson*, 7th Dist. Columbiana No. 15 CO 2, 2015-Ohio-5550, ¶ 37 (trial court lacks jurisdiction to review untimely objections if the magistrate's decision was adopted during the 14-day objection period).

{¶ 6} During the preliminary stages of the appeal, Spears filed a motion for relief from judgment under Civ.R. 60(B) consistent with *Haddad*. After the trial court denied the motion, Spears amended her notice of appeal to include the decision denying the motion for relief from judgment. It is this judgment that is the basis of the current appeal.[1] Further complicating the procedural posture of this

---

[1] The City did not challenge the process by which the notice of appeal was amended. Initially, the City asked to dismiss the appeal of the belated objections, claiming that the decision denying the belated objections was not a final appealable one. That motion to

appeal, however, Spears did not effectuate a stay of the final judgment. The trial court granted her motion to stay execution of the final judgment but conditioned it on the posting of a bond. Spears did not post the required bond, and the City executed on the judgment during this appeal. Through that process, the City received full satisfaction of the final judgment.

{¶ 7} Appellate courts cannot review questions that do not involve live controversies. *Bayview Loan Servicing v. Salem*, 9th Dist. Summit No. 27460, 2015-Ohio-2615, ¶ 7. "It is a well-established principle of law that a satisfaction of judgment renders an appeal from that judgment moot." *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 245, 551 N.E.2d 1249 (1990). As has been recognized, absent fraud, a timely appeal should be dismissed if the final judgment is voluntarily paid and satisfied because such payment puts an end to the controversy and takes away from the defendant the right to appeal or prosecute error. *Id.*, citing *Rauch v. Noble*, 169 Ohio St. 314, 316, 159 N.E.2d 451 (1959), and *Lynch v. Bd. of Edn.*, 116 Ohio St. 361, 156 N.E. 188 (1927), paragraph three of the syllabus. "Once the rights and obligations of the parties have been extinguished through satisfaction of the judgment, a judgment on appeal cannot have any practical effect upon the issues raised by the pleadings." *Akron Dev. Fund I, Ltd. v. Advanced Coatings Internatl., Inc.*, 9th Dist. Summit No. 25375, 2011-Ohio-3277, ¶ 21.

dismiss the appeal was denied because it was filed after Spears amended her notice of appeal to reflect her appeal of the trial court's denial of the motion for relief from judgment, which is a final appealable order. *Colley v. Bazell*, 64 Ohio St.2d 243, 245, 416 N.E.2d 605 (1980). Appellate courts have jurisdiction to review such appeals.

**{¶ 8}** Obtaining satisfaction through garnishment proceedings is considered a "voluntary" payment. *Francis David Corp. v. MAC Auto Mart, Inc.*, 8th Dist. Cuyahoga No. 93951, 2010-Ohio-1215, ¶ 12. In order to avoid execution on the judgment, a stay of execution must be obtained and a supersedeas bond or its equivalent must be posted. *Id.* In the event a judgment is satisfied through garnishment or attachment, any pending appeal is deemed moot and dismissal of the appeal is the appropriate remedy. *Id.*; *Cleveland v. Embassy Realty Invests., Inc.*, 8th Dist. Cuyahoga No. 105091, 2018-Ohio-4335, ¶ 23. An "'event that causes a case to be moot may be proved by extrinsic evidence outside the record.'" *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228, 2000-Ohio-141, 729 N.E.2d 1181, quoting *Pewitt v. Lorain Corr. Inst.*, 64 Ohio St.3d 470, 472, 1992-Ohio-91, 597 N.E.2d 92; *Miner v. Witt*, 82 Ohio St. 237, 238, 92 N.E. 21 (1910); *State v. Hagwood*, 8th Dist. Cuyahoga No. 83701, 2004-Ohio-5967, ¶ 5; *see also Wizards of Plastic Recycling, L.L.C. v. R & M Plastic Recycling, L.L.C.*, 9th Dist. Summit No. 25951, 2012-Ohio-3672, ¶ 4, citing *Miner* and *Mills v. Green*, 159 U.S. 651, 653, 16 S.Ct. 132, 40 L.Ed. 293 (1895). Appellate courts are not constrained to resolve the mootness issue from the appellate record alone.

**{¶ 9}** In this case, the City suggested on the record that it obtained full and final payment as satisfaction of the outstanding judgment. The City also presented materials demonstrating that fact of consequence. Spears has not challenged the City's factual assertion but instead claims that satisfying the judgment through the execution that targeted her bank account, from which the moneys were withdrawn,

was not a voluntary act.[2]  Spears has not presented any argument upon which we could diverge from the well-settled law that satisfaction through an action in garnishment or attachment may render an appeal moot based on the appellant's failure to obtain a stay of the final judgment.  App.R. 16(A)(7).  It is the appellant's responsibility to ensure the stay is obtained in order to preserve appellate review.  In this case, Spears sought a stay but failed to post the required bond as ordered by the trial court.  The stay never went into effect, and the City obtained moneys satisfying the entire judgment during the pending appeal.  The satisfaction of the judgment ended the controversy between the parties, and there is no further relief that can be provided by this court.

{¶ 10}  The appeal is dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

SEAN C. GALLAGHER, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
MICHELLE J. SHEEHAN, J., CONCUR

---

[2] Spears claims the City's execution on the judgment was not authorized by law.  Those proceedings occurred in another county and are outside our jurisdiction.  Nothing within our record suggests that Spears has timely challenged the action in that court.