[Cite as *State v. Gray*, 2025-Ohio-2428.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. Andrew J. King, J. |
| | : | Hon. Kevin W. Popham, J. |
| -vs- | : | |
| | : | |
| AARON GRAY, | : | Case No. CT2024-0126 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Muskingum County
Court of Common Pleas, Case No.
CR2024-0581

JUDGMENT:     Affirmed

DATE OF JUDGMENT:     July 8, 2025

APPEARANCES:

For Plaintiff-Appellee

RON WELCH
Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth St., P.O. Box 189
Zanesville, Ohio 43701

For Defendant-Appellant

CHRIS BRIGDON
8138 Somerset Rd.
Thornville, Ohio 43076

*Baldwin, P.J.*

{¶1}   Appellant Aaron Gray appeals the jury's verdict finding him guilty on one count of Trespass in a Habitation.  Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND THE CASE

{¶2}   On or about August 20, 2024, officers from the Zanesville Police Department responded to a call concerning a disturbance in which a male was yelling and cursing in a residential neighborhood. Officers attempted to make contact with the appellant, who indicated that he was upset that his neighbor's dogs were barking but otherwise refused to open his door or speak with officers. Officers spoke with the appellant's neighbor, victim B.R., who reported that the appellant was on the trespass list for her residence, and that he had come into her fenced-in yard, opened her door, and tried to put her dogs in her house. She stated that when the appellant did so he crossed the threshold of her doorway, thus entering her residence. B.R. had a camera located at the front of her residence which recorded the incident and substantiated her version of events.

{¶3}   On August 29, 2024, the appellant was indicted on the following: Count One, Trespass in a Habitation When a Person is Present or Likely to be Present in violation of R.C. 2911.12(B) and (E), a felony of the fourth degree; and, Count Two, Obstructing Official Business in violation of R.C. 2921.31(A) and (B), a misdemeanor of the second degree. The appellant, for whom Attorney Joseph Edwards was appointed, pleaded not guilty at his September 4, 2024, arraignment. During the proceedings the appellant stated that he did not hire Attorney Edwards, and advised the court that he wished to represent himself. The trial court told the appellant that a competency determination would be necessary in order to allow him to proceed pro se. The appellant further objected to the

indictment process, and refused to waive reading of the charges. The charges were read into the record, the appellant pleaded not guilty, and bond was continued. The appellant was, however, released on bond thereafter.

{¶4} The trial court subsequently permitted the appellant to represent himself, with Attorney Edwards appointed as "stand by counsel." The trial court conducted a hearing on September 16, 2024, at which the decision permitting appellant's self-representation was discussed and confirmed. The court noted that the appellant had been arrested just two hours after he had been released on bond, and told the appellant that part of what the court must consider when making a determination regarding self-representation is the appellant's actions, how he would react, and how the jury would perceive him. The court noted further that the appellant had filed numerous motions which were, by and large, nonsensical. Attorney Edwards continued to act as stand-by counsel for the appellant.

{¶5} The trial court conducted a full hearing on September 26, 2024, on the appellant's pending motions. The court granted the appellant's motions for discovery, a bill of particulars, and a pretrial hearing, and denied all other pending motions.

{¶6} The appellee dismissed the obstruction of official business count on November 4, 2025, and the matter proceeded to jury trial on November 5, 2024, on the sole charge of trespass in a habitation. The appellant continued to represent himself with Attorney Edwards acting as stand-by counsel. The appellee presented the testimony of investigating officers, as well as that of victim B.R., who testified, *inter alia*, that the appellant's arm crossed the threshold of her front door when he opened it in an attempt to let her dogs into the house. While the appellant cross examined the appellee's witnesses,

he submitted no evidence nor called any witnesses of his own. The parties rested, and the matter was sent to the jury at 12:40 p.m.; the jury returned at 1:33 p.m. with a verdict of guilty on the sole count of trespassing in a habitation when a person is present or likely to be present. The trial court ordered a presentence investigation, issued a Judgment Entry confirming the jury's verdict, and scheduled a sentencing hearing.

{¶7}    The appellant appeared for his sentencing hearing on December 23, 2024. He advised the trial court that he no longer wished to represent himself, but rather, wanted Attorney Edwards to represent him. The trial court confirmed that Attorney Edwards was prepared to go forward with the appellant's sentencing. The appellant's presentence investigation was summarized on the record, and the appellant was sentenced to 12 months in prison with the potential for up to two years of post-release control.

{¶8}    The appellant filed a timely "Motion for Appeal," initially proceeding pro se and proffering three primary arguments that were difficult to follow. First, the appellant appears to argue that the trial court erred in refusing to admit certain evidence during trial, and "also evidence of papers the jury may take (during deliberations) were also refused by the trial judge." Second, the appellant argues in his "Motion for Appeal" that the assistant prosecutor engaged in prosecutorial misconduct, submitting that the assistant prosecutor coached the victim "in how to proceed in court during her testimony so that the State Prosecutor could attain a conviction." Finally, the appellant alludes to "newly discovered evidence", but does not make clear what new evidence was allegedly discovered.

{¶9}    The appellant was thereafter appointed appellate counsel, who reviewed the matter and filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967). The

*Anders* Brief addresses potential errors, including those arguably raised by the appellant in his pro se filing, relating to the motion hearings and self-representation hearing; the jury trial; and, the sentencing hearing.

## STANDARD OF REVIEW

**{¶10}** The United States Supreme Court held in *Anders* that if, after conscientious examination of the record, an appellant's counsel concludes the case is wholly frivolous, then he or she should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the appeal. *Id.* Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. *Id.* Once the appellant's counsel has satisfied these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. *Id.*

**{¶11}** Attorney Chris Brigdon, appellate counsel appointed for the appellant, filed an *Anders* Brief and a Motion to Withdraw as Counsel of Record on February 18, 2025, informing this Court that he had conscientiously examined the case, reviewed the entire record, researched all potential issues, and determined that there were no meritorious issues for review which would support an appeal. Attorney Brigdon requested that this Court make an independent review of the record to determine whether there are any

additional issues that would support an appeal, and further certified that he provided a copy of the Appellant's *Anders* Brief to the appellant.

{¶12} On February 24, 2025, this Court issued a Judgment Entry, sent via certified mail to the appellant, Inmate #838098, Correctional Reception Center, P.O. Box 300, Orient, OH 43146, which advised him that the Court received notice he had been informed by his attorney that an *Anders* Brief had been filed on his behalf, and that he had been served with a copy thereof; and, granting him sixty days from the date of the entry to file a pro se brief in support of his appeal. The February 24, 2025, notice was returned to the Court on March 7, 2025, marked "Released; Return to Sender; Refused; Unable to Forward," and this Court was advised by the clerk that the appellant had been released from prison.[1] The Court issued a second Judgment Entry on May 16, 2025, and sent it via certified mail to the appellant's last known address, advising him the Court received notice that he had been informed by his attorney that an *Anders* Brief had been filed on his behalf, and provided notice that he had been served with a copy; and, granting him twenty days from the date of the second entry to file a pro se brief in support of his appeal. The second notice was returned to the Court marked "Return to Sender; Vacant; Unable to

---

[1] The Ohio Department of Rehabilitation and Correction website confirms that the appellant was released from prison on February 27, 2025, and that he is currently under the supervision of the Adult Parole Authority for a period of 1 year from said date. See, http://appgateway.drc.ohio.gov/OffenderSearch/Search/DetailsPrint/A838098 (accessed June 30, 2025). See, also, *State ex rel. Brown v. Ohio Dept. of Rehab. & Corr.*, 2014-Ohio-2348, ¶ 2, fn. 1, citing *Pewitt v. Lorain Correctional Inst.*, 1992-Ohio-91 ("[A]n event that causes a case to become moot may be proved by extrinsic evidence.") While an argument may be made that the appellant's release from prison renders his appeal moot, the appellant is currently under the direct supervision of the Adult Parole Authority pursuant to the trial court's sentence. We shall therefore proceed with the *Anders* analysis.

Forward" on May 21, 2025. The appellant has failed to provide the clerk with any additional or updated addresses. The appellant did not filed a pro se brief subsequent to the *Anders* Brief filed by Attorney Brigdon.

{¶13} The record establishes that the appellant's counsel has satisfied the requirements set forth in *Anders,* for the *Anders* Brief was filed by Attorney Brigdon prior to the appellant's release from prison and there is no evidence contained in the record that the appellant did not receive the service copy of the brief. Accordingly, we review the record in this case and determine whether any arguably meritorious issues exist, "… keeping in mind that, '*Anders'* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply or because it is uncertain whether a defendant will prevail on the issue on appeal. 'An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal.' *State v. Pullen,* 2002-Ohio-6788, ¶ 4 (2nd Dist.); *State v. Marbury,* 2003-Ohio-3242, ¶ 7-8 (2nd Dist.); *State v. Chessman,* 2005-Ohio-2511, ¶ 16-17 (2nd Dist.). *State v. Moore*, 2009-Ohio-1416, ¶4 (2nd Dist.). *State v. Reynolds*, 2024-Ohio-1956, ¶ 10 (5th Dist.).

## ANALYSIS

{¶14} As a preliminary matter, we note that App.R. 13 addresses filing and service. App.R. 13(C)(3) provides that a document is served under the rule by "mailing it to the person's last known address by United States mail, in which event service is complete upon mailing." This Court served the May 16, 2025, Judgment Entry regarding its receipt of the *Anders* Brief upon the appellant at his last known address by certified U.S. mail,

which was returned, marked as "Return to Sender; Vacant; Unable to Forward." No other addresses have been provided to the clerk by the appellant. Accordingly, service of the May 16, 2025, Judgment Entry was completed upon mailing it to the appellant's last known address, and we may proceed with our analysis.

{¶15} This Court has conducted an independent review of the record and concurs with appellate counsel that there are no non-frivolous claims regarding the trial court's decisions in connection with the appellant's self-representation, the motion hearings, the jury trial, or sentencing.

### *Self-Representation*

{¶16} The Ohio Supreme Court addressed the issue of a defendant's right to self-represent in *State v. McAlpin*, 2022-Ohio-1567:

A timely request to waive counsel and self-represent must be granted "when [a defendant] voluntarily, and knowingly and intelligently elects to do so." *State v. Gibson*, 45 Ohio St.2d 366, 345 N.E.2d 399 (1976), paragraph one of the syllabus. However, the right to represent oneself is not unlimited. For instance, before permitting self-representation, the trial court must ensure that a defendant is "aware of the dangers and disadvantages of self-representation" so that " 'he knows what he is doing and his choice is made with eyes open.' " *Faretta* at 835, 95 S.Ct. 2525, quoting *Adams* at 279, 63 S.Ct. 236; *see also Indiana v. Edwards*, 554 U.S. 164, 175-176, 178, 128 S.Ct. 2379, 171 L.Ed.2d 345 (2008) (defendant with severe mental illness who cannot perform basic necessary tasks may be denied self-representation). And there is no Sixth Amendment right to waive counsel for a direct

appeal. *Martinez v. Court of Appeal*, 528 U.S. 152, 164, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000).

*Id.* at ¶47. A review of the record reflects that the trial court engaged in extensive questioning to ensure that the appellant was aware of the dangers and disadvantages of self-representation, and that he chose to proceed pro se "with eyes open." Further, the trial court made all reasonable efforts to accommodate the appellant's self-representation, conducting hearings at which it directly addressed with the appellant the approximately twenty motions he filed in the matter. No non-frivolous claims are present with regard to the appellant's self-representation, particularly in light of the consistent presence of stand-by counsel Edwards.

### *Motions*

{¶17} The appellant filed approximately twenty pretrial motions with the trial court, including a plea of not guilty; a request for jury demand; a demand for pretrial; a demand for recording of proceedings; a federal habeas corpus; a motion to proceed in *forma pauperis*; an objection to defective indictment; a motion for dismissal for illegal search and seizure; a demand for discovery; a request for bill of particulars; a request to proceed in *forma pauperis* in connection with his petition for habeas corpus; a motion for fast and speedy trial; a second motion for defective indictment; a "motion for purporting service of indictment untimely service"; a motion to dismiss affidavit and complaint; a "motion for purporting excessive bail"; a "motion for detailing claim of due process violation"; and, a motion for change of venue based upon "frivolous bias, prejudice, and potentially malicious acts." A number of the motions were duplicative.

{¶18}  The trial court addressed all of the appellant's motions directly with the appellant. The appellant's plea of not guilty was accepted by the trial court. The appellant had a jury trial, which was scheduled in a timely manner by the trial court. The trial court conducted a pretrial. The proceedings before the trial court were recorded. The federal habeas corpus and motion to proceed in *forma pauperis*, which the appellant argued were filed in order for him to obtain relief from violations of his constitutional rights, were denied by the trial court when it determined that his constitutional rights were not being violated. The trial court determined that the indictment was not defective, and that it had been properly served upon the appellant. The motion to dismiss for illegal search and seizure was denied, as it did not request the suppression of any evidence, but rather, simply that the matter be dismissed. The "motion to dismiss affidavit and complaint" was also properly denied by the trial court. And, finally, bond was properly set. Furthermore, the trial court properly denied the appellant's habeas corpus arguments regarding bond, particularly in light of the fact that the appellant had been released on bond but was arrested only two hours thereafter for disorderly conduct. The appellee provided the appellant with the requested discovery, and provided the appellant with a bill of particulars. The trial court did not err in its rulings on the appellant's pretrial motions and, as a result, no non-frivolous claims exist with regard to the same.

### Jury Trial

{¶19}  The jury trial proceeded as scheduled and without incident. The appellee presented the testimony of the two Zanesville police officers who responded to the call, investigated the matter, and prepared the incident report. In addition, the appellee presented the testimony of victim B.R. The appellant cross-examined each witness. The

appellee rested, and proffered its exhibits for admission. The appellant did not call any witnesses. He proffered for admission the "Defense's discovery of evidence as evidence," which he described as "papers the jury may take. It's under case law Section 2945.35." The record does not reflect the nature of said documents, nor that a foundation had been laid for their admission, and the trial court properly determined that they could not be provided to the jury during their deliberations. The parties presented closing arguments and the matter proceeded to the jury, who took less than one hour to reach its guilty verdict. The trial court acknowledged the jury's verdict on the record, ordered a presentence investigation, and scheduled the matter for sentencing. The court thereafter issued a Judgment Entry confirming the jury's guilty verdict. We find that no non-frivolous claims are present in connection with the jury trial.

### *Sentencing*

{¶20} The sentencing hearing proceeded as scheduled, at which the appellant requested that stand-by counsel Edwards represent him. The presentence investigation revealed many prior incidents involving the appellant, including felony possession; receiving stolen property; vandalism; and, an exhaustive list of misdemeanor offenses including misdemeanor inducing panic when he walked around a school located in the neighborhood with a BB gun yelling at the school. The appellee requested the trial court impose an 18-month prison sentence, and the appellant argued for a 6-month sentence. The trial court imposed a 12-month sentence upon the appellant, well within the statutory parameters for a felony of the fourth degree, with credit for time served. Accordingly, the trial court did not err when it sentenced the appellant.

## CONCLUSION

{¶21} Based upon the foregoing, and after independently reviewing the record, we agree with appellate counsel's conclusion that no non-frivolous claims exist that would justify remand or review of the appellant's conviction or sentence. We therefore find the appeal to be wholly frivolous under *Anders.* Attorney Brigdon's Motion to Withdraw as counsel for the appellant is hereby granted, and the judgment of the Muskingum County Court of Common Pleas is hereby affirmed.

By: Baldwin, P.J.

King, J. and

Popham, J. concur.